IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| **JENNIFER LYNN MAY,**<br>　　　　**Plaintiff,**<br><br>v.<br><br>**GOODYEAR TIRE & RUBBER COMPANY**<br><br>And<br><br>**MARCUS BROWN**<br>　　　　**Defendant.** | )<br>)<br>)<br>)<br>)<br>)  **Civil Action No:** 4:22-cv-00105<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Jennifer May, respectfully moves the Court for judgment against the Defendants, Goodyear Tire & Rubber Company, and Marcus Brown, and as grounds therefore, states as follows:

### JURISDICTION AND VENUE

1. This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., as amended, and 42 U.S.C. § 12112, *et seq*., and Va. Code § 2.2-3900, et seq., the Virginians Human Rights Act, and Virginia statutory and common law provisions.

2. This Court has jurisdiction and venue, pursuant to 42 U.S.C. § 2000e, *et seq*., 28 U.S.C. § 1343, 1337 and 1391(b), *inter alia*. and the Code of Virginia.

3. The Plaintiff, Jennifer May, is a resident of this judicial district, residing in Ringgold, Virginia.

4. Defendant Goodyear Tire & Rubber Company (herein alternatively, "Goodyear") is a corporation headquartered in Akron Ohio, Defendant operates their local operations in Danville, Virginia, the site of Ms. May's employment.

5. Defendant Marcus Brown is and has been an employee of Defendant Goodyear at all times relevant to these proceedings.

6. The acts herein complained took place in this judicial district, and the Defendant Goodyear was an "employer" engaged in commerce as defined by Title VII and was thereby subject to said laws.

7. Plaintiff timely filed her charge of discrimination with The United States Equal Employment Opportunity Commission as required by law, charge number 438-2022-00300, and received a determination and Notice of Right to Sue issued on June 3, 2022 (see Exhibit "A" attached). Plaintiff files this action within ninety (90) days of her later receipt of said EEOC Notice letter, and which similarly complies with the provisions of 2.2-3901, et seq., of the Code of Virginia and the Virginia Office of Human Rights.

**FACTS**

8. The Plaintiff is a 48-year-old citizen of the United States of America residing in Ringgold, Virginia, a residence within the Western District and conferring the jurisdiction of this Court.

9. At all relevant times, Defendant Goodyear was an employer, who consistently employed workers in Danville, Virginia, also within the jurisdiction of the

Western District of Virginia, and Defendant Marcus Brown an employee and management agent of Goodyear.

10.     Jennifer L. May, a white female, has been employed by Goodyear Tire and Rubber Co. in Danville Virginia facility since September 9, 2009.

11.     Goodyear Tire and Rubber in Danville employs between an estimated 2200 and 2500 employee, at any given time, consistent with the statutory jurisdiction.

12.     Throughout her employment as a "Batch Builder", and later, as a Production Supervisor at Goodyear, she was continuously subjected to sexually harassing jokes, comments about her personal sex life, unwanted and uninvited physical touching, and gender and sexual mistreatment, generally.

13.     A serious sexual harassment and misconduct complaint was filed by Jennifer May against a Goodyear manager, Danny DeHart Sr., to Goodyear management and Human Resources during the 2009-2010 time period, submitted to the EEOC, and acknowledged by Goodyear.

14.     An agreed settlement between May, DeHart and Goodyear was made to restore Ms. May to her pre-complaint employment status at Goodyear, Goodyear representing to May that they recognized the need for corrective action, and to remedy the mistreatment by Goodyear, it's representatives and DeHart.

15.     To the detriment of your Plaintiff, the substance of Ms. May's original complaint was disseminated by Goodyear agents throughout Goodyear after the confidential settlement was entered into.

16.     Word of her complaints and mistreatment was, as a result, made known to a series of managers, including Daniel DeHart Jr., the son of Ms. May's original harasser.

As a result of her prior EEOC complaints, Mr. DeHart and others treated Ms. May differently over the years <u>after</u> the 2010 resolution and variously hinted at - or stated overtly - that her presence was "*unwanted*" in the plant, that a female should be "*in the home*" and other gender-based complaints.

17. These disparaging and discriminatory complaints continued throughout her employment until discharge. Most discouragingly, as a female manager, Plaintiff was the subject of a chronic and prolonged whisper campaign against her throughout the entire duration of her employment.

18. Without interference, correction, or support from Goodyear, its management or Human Resources, Jennifer May was subjected to a steady stream of male coworkers alleging to their peers under her supervision that May might make reports against other male employees, to have them "*in the front office*", suggesting that her male coworkers would be wrongfully accused of misconduct <u>by</u> May.

19. Goodyear's inability or unwillingness to support May in her role as a female leader and supervisor reflected and reinforced a continuing pattern of retaliation for May's original sexual harassment complaints against DeHart.

20. Thereafter, independently, but relatedly, May began to suffer a pattern of sexual harassment by a fellow manager, Defendant Marcus Brown.

21. Ms. May would routinely report to Goodyear Human Resources personnel in Danville, including the Goodyear business center manager, a white male, about the general retaliatory harassment and the ensuing specific misconduct by Brown.

**Jennifer Lynn May v. Goodyear Tire & Rubber Company**
*Plaintiff's Complaint*
Page 4 of 13

22. At no time during Ms. May's 26 years of employment, prior to March 2021, was May accused of any misconduct, written up, performance failures, nor disciplined by Goodyear or its management in any respects.

23. Over the many years of the offensive conduct at the hands of Goodyear management and senior employees, including DeHart Sr. (and thereafter his son DeHart, Jr. and Marcus Brown), no steps were taken by Goodyear to protect Ms. May from such harassment and misconduct, and which conduct continued until her ultimate discharge in May 2021.

24. During the 10 years approaching March 2021, numerous hourly employees and even other management personnel acknowledged the disparate treatment and harassment endured by May, including area manager Kelly Woods, operator Gordan Pettiford, cushion mill operators L. D. Smith and Kim Smith, truck and relief operator Cathy Fuquay, Chris Walker in receiving, Mac Guy booker, Cecil Law, relief operator, Barry McCubbins, operator, Marvin Gunter, booker, Chuck Towler, operator, Billy Runyon, booker, Diane Williams, booker, Lisa Spicer, apexer. Each and all of the above employees witnessed various aspects of the disparate and discriminatory treatment exhibited by Goodyear management, including DeHart Jr., and James Smith, and acknowledged the same to Ms. May. These witnesses expressed various sympathy, frustration, fear for reporting and disgust at the treatment of Ms. May by these Goodyear managers.

25. Many of these same witnesses also observed and reported the observation of the harassing and predatory conduct of Marcus Brown, and even narrated their observations in writing to Ms. May (and which were a part of her EEOC filing). By

information and belief, some of these employees either made management aware of the mistreatment and/or WERE members of management and for which Goodyear as a company had actual knowledge.

26. Other Goodyear employees working around and with supervisor May recognized the disparate treatment, going so far as to write anonymous letters TO Goodyear, for which a copy of at least one such letter was provided Ms. May.

27. Over various periods prior to the spring of 2021, Ms. May contacted the toll-free hotlines for Goodyear and reported the discrimination outside the Danville plant, but no remedial action was taken by Goodyear.

28. Between March and May 2021, spurious complaints about production issues under Ms. May's watch were raised by Marcus Brown to management; these complaints were proven to be demonstrably false, but were provided by Brown to undermine May in retaliation for her historical sexual harassment complaints from 2009 against DeHart, Sr., compounded by her rejection of Marcus Brown's more recent advances.

29. In April 2021, Goodyear management, including supervisory personnel with whom she had reported the harassment by Brown, instituted a pattern of employment harassment regarding production issues.

30. The specific pattern of employment discrimination and harassment regarding production was solely directed to production supervisor Jennifer May, and never directed toward other male production supervisors, despite their production issues being identical to Ms. May's.

31. Plaintiff May was sent home for production issues on or about May 26, 2021, for "failing to communicate" the same production concerns to her employer.

32. Ms. May, interviewed May 19 by this same Goodyear management team about the production issues with whom she had made known her sexual harassment allegations, promptly provided some 30 text messages of her communications regarding the production questions to her Goodyear supervisors (see Exhibit B, attached).

33. These specific text messages Jennifer May provided Goodyear contradicted the alleged basis for her suspension and ultimate termination.

34. At no time had or has Goodyear provided any explanation for failing to address the long-standing sexual harassment allegations and complaint resulting from the treatment and harassment by DeHart, Sr. or Marcus Brown.

35. Goodyear's Human Resource's failure to act and failure to support May is consistent with their disregard of internal policies of a sexual and gender harassment free workplace.

36. By willfully, intentionally, and or negligently failing to protect Ms. May from this pattern of retaliatory harassment, and thereafter assaultive behavior by Defendant Brown, Goodyear operated to protect and insulate her harassers from punishment, and failed to deter such conduct and effectively adopted said conduct as tolerable by Goodyear.

## COUNT I – Continuing Course of Retaliation for Prior EEOC/Discrimination Complaints

37. Your Plaintiff repeats and re-alleges the factual information and allegations set forth in the above complaint and incorporates the same herein.

38. Your Plaintiff has incurred significant economic loss of wages and incurred substantial pain and emotional distress as a consequence of her prolonged and extended disparate treatment at Goodyear, and in retaliation for her prior sexual harassment complaints and subsequent complaints from Goodyear in the 2009-2010 time period by DeHart, the pattern of retaliatory disparate treatment which <u>followed</u> her harassment settlement with DeHart, and her subsequent abuse by Marcus Brown.

### COUNT II – Discrimination on the Basis of Gender

39. Your Plaintiff repeats and re-alleges the factual information and allegations set forth in the above complaint and incorporates the same herein.

40. Your Plaintiff has incurred significant economic loss of wages, and incurred substantial pain and emotional distress as a consequence of her prolonged and extended treatment at Goodyear on the basis of gender discrimination, in combination with and in conjunction with Goodyear's retaliation for or her prior sexual harassment complaint at Goodyear in the 2008-2009 time period, as set forth in Count 1, <u>supra</u>, all in violation.

### Count III - Virginia Retaliatory Discharge

41. Plaintiff May repeats and realleges the factual and legal matters set forth in paragraphs 1 through 36 above.

42. Defendant's conduct is violative of Virginia common law and public policy as a result of her wrongful termination, based on gender discrimination and retaliation for the exercise of her historical and continuing discriminatory conduct and mistreatment by Goodyear and its senior management, consistent with the standards set forth in <u>Bowman v. State Bank of Keysville</u>, 229 VA 534 (1985), and its progeny.

### Court IV – VHRA

43. Plaintiff repeats and realleges the allegations and information set forth in paragraph 1-36, <u>supra</u>, and incorporates them herein by reference.

44. Defendants' conduct, jointly and severally, violated the provisions of the Virginia Human Rights Act as to a hostile retaliatory and discriminatory workplace.

### Count V – Assault by Brown

45. Plaintiff repeating realleges the allegations and information presented in paragraphs 1 through 36 above.

46. Brown's intentional conduct, offensively touching and placing hands upon Plaintiff over an extended period of time in the workforce and making rude and humiliating comments was tortious and constituted willful and intentional assault.

47. Brown's conduct caused significant personal distress, emotional and physical injuries, and contributed to her wrongful loss of employment.

### Count VI - Negligent Retention

48.     Plaintiff repeating realleges and incorporates the information allegations above herein.

49.     Defendant Goodyear knew and condoned and/or tolerated the sexually harassing and discriminatory hostile work environment Plaintiff was subjected to over a continuous period, through the time of her discharge in May 2021.

50.     By knowingly condoning and/or disregarding the misconduct toward May over an extended period of time, Defendant Goodyear made a corporate determination negligently retain such employees, including Marcus Brown.  Their decision to terminate Plaintiff Jennifer May for pretextual reasons and determining it was in the company's best interest to discharge May.  The treatment of May was made in bad faith, Goodyear electing not to discipline or correct the treatment of May, and instead electing to retain her accusers.  By its determination to retain the offenders Goodyear employees responsible for the discrimination mistreatment of May, Goodyear harmed May's mental and physical well-being, said wrongful/negligent retention a violation of Virginia law, as articulated in Southeast Management Inc. v Jackson, 256 Va. 256 (1999) and its progeny.

51.     Goodyear's rejected of Plaintiff's reports and evidence of disparate treatment and retaliation over the years of her employment, and Goodyear's determination that it preferred to protect and minimizing sexually offensive conduct, language, treatment, discipline by its tortious fellow employees and managers, resulting in her wrongful   termination, Plaintiff and her witnesses allege and the Exhibit B text string reflects that Goodyear knew and received written confirmation that the "failure to

communicate" on production issues in May 2021 as alleged by Goodyear were false and pretextual.

52. This corporate decision-making by Goodyear, knowing the history of the wrongdoing by its employees and managers named herein, and others, preserved and perpetuated the hostile work environment.

53. Failing to correct and remedy the misconduct of DeHart, Brown and their decision to terminate Plaintiff Jennifer May under manufactured and pre-textual reasons reflected Goodyears determination that it was in the company's best interest to discharge May in bad faith but to, instead, retain the offending employees, including Marcus Brown.  Goodyear knew these individuals had been the source of the continuing pattern of unlawful and or discriminatory conduct based on Plaintiff's gender and/or in retaliation for prior verified complaints, and constituted willful and negligent retention of the offending employees, and rendering Goodyear independently liable for grossly negligent retention, as a consequence.

54. Said conduct by Brown, Goodyear's other supervisory personnel and Goodyear caused severe personal distress, mental anguish, depression, pain, anxiety and suffering.

## CONCLUSION

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, jointly and severally, in the sum of $750,000, for special damages, including medical bills and past and future wage loss, actual compensatory, temporary and permanent mental and physical damages, including her pain and suffering.

Furthermore, Plaintiff seeks exemplary and punitive damages in the sum of $350,000.00, jointly and severally, if Goodyear and/or Brown's conduct is found to be reckless, gross negligent, and or willful and wanton to support punitive damages, for her costs expended, attorney fees and all such further relief as may be proper in law and equity.

**TRIAL BY JURY IS DEMANDED.**

        Jennifer May

By: /s/Philip B. Baker_____
     Of Counsel

Philip B. Baker
VSB #: 23434
SANZONE & BAKER, LLP
valaw@sanzoneandbaker.com
1106 Commerce Street, P.O. Box 1078
Lynchburg, VA 24505
(434) 846-4691 (office)
(800) 927-1565 (fax)
    *Counsel for Plaintiff*

## CERTIFICATE

I hereby certify that on the 1st day of September 2022, this Complaint was electronically filed with the Clerk of Court using the CM/ECF system and prepared for service on the Defendant.

/s/ Philip B. Baker_____

Philip B. Baker
VSB #:  23434
SANZONE & BAKER, LLP
valaw@sanzoneandbaker.com
1106 Commerce Street, P.O. Box 1078
Lynchburg, VA 24505
(434) 846-4691 (office)
(800) 927-1565 (fax)
     *Counsel for Plaintiff*